UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No.  1:17-cv-00421 |
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: |
| v. | |
| Wadley Holdings, LLC d/b/a Meadowcraft, and | (1) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103; |
| Southern Sales & Marketing Group, Inc. d/b/a nICE | (2) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a); |
| Defendants. | (3) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c); |
| | (4) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a); |
| | (5) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271 |
| | (6) COMMON LAW TRADE DRESS INFRINGEMENT; |
| | (7) COMMON LAW UNFAIR COMPETITION; |
| | (8) COMMON LAW MISAPPROPRIATION; AND |
| | (9) UNJUST ENRICHMENT. |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Wadley Holdings, LLC d/b/a Meadowcraft ("Meadowcraft") and Southern Sales & Marketing Group, Inc. d/b/a nICE ("nICE") (collectively, "Defendants"), alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.     On information and belief, Wadley Holdings, LLC d/b/a Meadowcraft is a company organized under the laws of the State of Alabama with a place of business at 134 Clay St., Wadley, AL 36276, that does business under the name Meadowcraft, including through the web site https://meadowcraft.com/, and through retailers such as Amazon.

3.     On information and belief, Southern Sales and Marketing Group, Inc. d/b/a nICE is a company organized under the laws of the State of Georgia with a principal place of business at 5801 Trade Center Ct., Suite A, Villa Rica, GA 30180, that does business under the names nICE and nICE Tumblers, including at least through the web site http://www.nicetumblers.com, and through retailers such as Amazon and Target.

4.     On information and belief, Wadley Holdings, LLC d/b/a Meadowcraft is a fully owned subsidiary of Southern Sales and Marketing Group, Inc. d/b/a nICE.

## Jurisdiction and Venue

5.     This is an action for trade dress dilution, trade dress infringement, unfair competition and false designation of origin, patent infringement, misappropriation, and unjust enrichment.  This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("the Lanham Act"), the Patent Act, 35 U.S.C. § 1, et seq., federal common law, and state common law, including the law of Texas.

6.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

7.     This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are doing business in the State of Texas, including in this District. For example, and as discussed in more detail below, (i) Defendants have advertised, promoted, offered for sale, sold, and/or distributed, and continue to advertise, promote, offer for sale, sell, and/or distribute,

infringing products to customers and/or potential customers, including in this District at least through Defendants' websites (e.g., https://meadowcraft.com/, http://www.nicetumblers.com, http://www.nicecoolers.com, and http://www.facebook.com/nicecoolers) and through retailers such as Amazon and Target, (ii) Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, Defendants acted with knowledge that their unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Defendants' customers and/or potential customers reside in the State of Texas, including in this District.

8.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Intellectual Property**

9.      For several years, YETI has continuously engaged in the development, manufacture, and sale of its insulated products, including insulated drinkware. YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware. YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas. Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products. YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous. As discussed in more detail below, YETI owns trade dress rights relating to its insulated drinkware designs.

10.      Several years ago, YETI introduced its 30 oz. Rambler™ Tumbler, 20 oz. Rambler™ Tumbler, and Rambler™ Colster® beverage holder into the marketplace (collectively, "Rambler™ Drinkware"). YETI has sold millions of the Rambler™ Drinkware throughout the United States, including sales to customers in the State of Texas. YETI has

invested significant resources in the design, development, manufacture, advertising, and marketing of the Rambler™ Drinkware.  The designs and features of the Rambler™ Drinkware have received widespread and unsolicited public attention.   For example, the Rambler™ Drinkware have been featured in numerous newspaper, magazine, and Internet articles.

11.     The designs of the Rambler™ Drinkware have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Drinkware is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Drinkware, YETI's marketing, advertising, and sales of the Rambler™ Drinkware, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Drinkware, which consumers have come to uniquely associate with YETI.

12.     An exemplary image of a YETI 30 oz. Rambler™ Tumbler is shown below.

| Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
| :---: |
|  |

13.     YETI has trade dress rights in the overall look, design, and appearance of the

YETI 30 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid of the YETI 30 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

14.     An exemplary image of a YETI 20 oz. Rambler™ Tumbler is shown below:

| Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler™ Tumbler. |
|---|
|  |

15.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the

tumbler lid of the YETI 20 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

16.     An exemplary image of a YETI Rambler™ Colster® beverage holder is shown below:

| **Illustration 3:  Exemplary Image of a YETI Rambler™ Colster® Beverage Holder.** |
|:---:|
|  |

17.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler™ Colster® Beverage Holder, which includes the design and appearance of the curves and lines in the YETI Rambler™ Colster® Beverage Holder; the design and appearance of the profile of the YETI Rambler™ Colster® Beverage Holder; the design and appearance of the walls of the YETI Rambler™ Colster® Beverage Holder; the design and appearance of the rim of the YETI Rambler™ Colster® Beverage Holder; the design, appearance, and placement of the top plane of the upper band of the YETI Rambler™ Colster® Beverage Holder; the design, appearance, and placement of the side walls of the upper band of the YETI Rambler™

Colster® Beverage Holder; the design, appearance, and placement of the style line around the base of the YETI Rambler™ Colster® Beverage Holder; the color contrast and color combinations of the YETI Rambler™ Colster® Beverage Holder and the upper band of the YETI Rambler™ Colster® Beverage Holder; and the relationship of these features to each other and to other features.

18.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

19.     YETI also owns U.S. Design Patent No. D752,397 ("the '397 patent"), U.S. Design Patent No. D779,285 ("the '285 patent"), U.S. Design Patent No. D779,891 ("the '891 patent"), U.S. Design Patent No. D779,892 ("the '892 patent"), U.S. Design Patent No. D780,530 ("the '530 patent"), U.S. Design Patent No. D780,531 ("the '531 patent"), U.S. Design Patent No. D780,532 ("the '532 patent"), and U.S. Design Patent No. D780,533 ("the '533 patent") (collectively, "YETI's design patents"), all related to a beverage holder.

20.     The '397 patent is entitled "Beverage Holder."  On March 29, 2016, the '397 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '397 patent.  A copy of the '397 patent is attached as Exhibit 1. An exemplary figure from the '397 patent is shown in Illustration 4 below.

**Illustration 4:  Exemplary Figure from the '397 Patent.**



21.     The '285 patent is entitled "Beverage Holder." On February 21, 2017, the '285 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '285 patent.  A copy of the '285 patent is attached as Exhibit 2. An exemplary figure from the '285 patent is shown in Illustration 5 below.

| Illustration 5:  Exemplary Figure from the '285 Patent. |
| :---: |



22.     The '891 patent is entitled "Beverage Holder." On February 28, 2017, the '891 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '891 patent.  A copy of the '891 patent is attached as Exhibit 3. An exemplary figure from the '891 patent is shown in Illustration 6 below.

| Illustration 6:  Exemplary Figure from the '891 Patent. |
| --- |



23.     The '892 patent is entitled "Beverage Holder." On February 28, 2017, the '892 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '892 patent.  A copy of the '892 patent is attached as Exhibit 4. An exemplary figure from the '892 patent is shown in Illustration 7 below.

| Illustration 7:  Exemplary Figure from the '892 Patent. |
|---|



24.    The '530 patent is entitled "Beverage Holder." On March 7, 2017, the '530 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '530 patent.  A copy of the '530 patent is attached as Exhibit 5. An exemplary figure from the '530 patent is shown in Illustration 8 below.

| Illustration 8:  Exemplary Figure from the '530 Patent. |
| --- |



25.     The '531 patent is entitled "Beverage Holder." On March 7, 2017, the '531 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '531 patent.  A copy of the '531 patent is attached as Exhibit 6. An exemplary figure from the '531 patent is shown in Illustration 9 below.

| Illustration 9:  Exemplary Figure from the '531 Patent. |
|---|



26.     The '532 patent is entitled "Beverage Holder." On March 7, 2017, the '532 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '532 patent.  A copy of the '532 patent is attached as Exhibit 7. An exemplary figure from the '532 patent is shown in Illustration 10 below.

| Illustration 10:  Exemplary Figure from the '532 Patent. |
| :---: |



27.     The '533 patent is entitled "Beverage Holder." On March 7, 2017, the '533 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '533 patent.  A copy of the '533 patent is attached as Exhibit 8. An exemplary figure from the '533 patent is shown in Illustration 11 below.

| Illustration 11:  Exemplary Figure from the '533 Patent. |
|---|



### General Allegations – Defendants' Unlawful Activities

28.　　Defendants have purposefully advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute products that violate YETI's rights, including the rights protected by YETI's intellectual property.  On information and belief, Defendants also are making such infringing products and/or importing such infringing products into the United States.  Defendants' infringing products are confusingly similar imitations of YETI's products and are in the same size as YETI's products.  Defendants' actions have all been without the authorization of YETI.

29.　　Defendants' infringing products include at least their 30 oz. tumbler products, 20 oz. tumbler products, and beverage holders.  Printouts with excerpts from Defendants' web sites, https://meadowcraft.com/ and https://nicetumblers.com/, showing exemplary images of Defendants' infringing products, are attached as Exhibit 9.

30.    Exemplary images of Defendants' infringing products are also shown below:

| **Illustration 12:  Exemplary Image of Meadowcraft's Infringing 30 oz. Tumbler Products.** |
| :---: |



| **Illustration 13:  Exemplary Image of Meadowcraft's Infringing 20 oz. Tumbler Products.** |
| :---: |

**Illustration 14:  Exemplary Image of Meadowcraft's Infringing Beverage Holder Products.**



| Illustration 15:  Exemplary Image of nICE's Infringing 30 oz. Tumbler Products. |
| :---: |



| Illustration 16:  Exemplary Image of nICE's Infringing 20 oz. Tumbler Products. |
| :---: |

**Illustration 17:  Exemplary Image of nICE's
Infringing Beverage Holder Products.**



31.     As a result of Defendants' activities related to the infringing products, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

32.     YETI used its trade dress extensively and continuously before Defendants began advertising, promoting, selling, offering to sell, or distributing their infringing products. Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced unlawful use of YETI's trade dress.

33.     As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

**Count I:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

34.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35.    Based on the activities described above, including, for example, Defendants' advertising, promoting, offering for sale, selling, and distributing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

36.    YETI's trade dress is famous and is entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this

secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

37.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

38.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

39.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

## Count II:
## Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

40.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the

infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

42.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

43.     Defendants' use of YETI's trade dress and/or colorable imitations has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

44.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

45.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

46.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     Based on the activities described above, including, for example, Defendants' advertising, promoting, offering for sale, selling, and distributing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

48.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

49.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

50.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

51.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Unfair Competition and False Designation of Origin Under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Defendants obtained an unfair advantage as compared to YETI through Defendants' use of YETI's trade dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and

misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

54.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

55.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

56.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

57.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count V:**
**Patent Infringement of U.S. Patent D752,397 Under 35 U.S.C. § 271**

58.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.    Defendants have infringed and continue to infringe the '397 patent at least by using, selling, and offering to sell Defendants' infringing beverage holders, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holders, which are covered by the claim of the '397 patent.

60.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

61.    On information and belief, Defendants' infringement of the '397 patent has been, and continues to be, deliberate, intentional, and willful.

62.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

63.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

64.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VI:**
**Patent Infringement of U.S. Patent D779,285 Under 35 U.S.C. § 271**

65.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 64 as though fully set forth herein.

27

66.     Defendants have infringed and continue to infringe the '285 patent at least by using, selling, and offering to sell Defendants' infringing beverage holders, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holders, which are covered by the claim of the '285 patent.

67.     Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

68.     On information and belief, Defendants' infringement of the '285 patent has been, and continues to be, deliberate, intentional, and willful.

69.     On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

70.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

71.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count VII:
### Patent Infringement of U.S. Patent D779,891 Under 35 U.S.C. § 271

72.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 71 as though fully set forth herein.

73.     Defendants have infringed and continue to infringe the '891 patent at least by using, selling, and offering to sell Defendants' infringing beverage holders, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holders, which are covered by the claim of the '891 patent.

28

74.     Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

75.     On information and belief, Defendants' infringement of the '891 patent has been, and continues to be, deliberate, intentional, and willful.

76.     On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

77.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

78.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VIII:**
**Patent Infringement of U.S. Patent D779,892 Under 35 U.S.C. § 271**

79.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 78 as though fully set forth herein.

80.     Defendants have infringed and continue to infringe the '892 patent at least by using, selling, and offering to sell Defendants' infringing beverage holders, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holders, which are covered by the claim of the '892 patent.

81.     Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

82.     On information and belief, Defendants' infringement of the '892 patent has been, and continues to be, deliberate, intentional, and willful.

83.     On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

84.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

85.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count IX:
### Patent Infringement of U.S. Patent D780,530 Under 35 U.S.C. § 271

86.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 85 as though fully set forth herein.

87.     Defendants have infringed and continue to infringe the '530 patent at least by using, selling, and offering to sell Defendants' infringing beverage holders, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holders, which are covered by the claim of the '530 patent.

88.     Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

89.     On information and belief, Defendants' infringement of the '530 patent has been, and continues to be, deliberate, intentional, and willful.

90.     On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

91.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

92.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count X:**
**Patent Infringement of U.S. Patent D780,531 Under 35 U.S.C. § 271**

93.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 92 as though fully set forth herein.

94.     Defendants have infringed and continue to infringe the '531 patent at least by using, selling, and offering to sell Defendants' infringing beverage holders, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holders, which are covered by the claim of the '531 patent.

95.     Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

96.     On information and belief, Defendants' infringement of the '531 patent has been, and continues to be, deliberate, intentional, and willful.

97.     On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

98.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

99.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XI:**
**Patent Infringement of U.S. Patent D780,532 Under 35 U.S.C. § 271**

100.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 99 as though fully set forth herein.

101.    Defendants have infringed and continue to infringe the '532 patent at least by using, selling, and offering to sell Defendants' infringing beverage holders, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holders, which are covered by the claim of the '532 patent.

102.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

103.    On information and belief, Defendants' infringement of the '532 patent has been, and continues to be, deliberate, intentional, and willful.

104.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

105.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

106.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XII:**
**Patent Infringement of U.S. Patent D780,533 Under 35 U.S.C. § 271**

107.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 106 as though fully set forth herein.

108.   Defendants have infringed and continue to infringe the '533 patent at least by using, selling, and offering to sell Defendants' infringing beverage holders, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holders, which are covered by the claim of the '533 patent.

109.   Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

110.   On information and belief, Defendants' infringement of the '533 patent has been, and continues to be, deliberate, intentional, and willful.

111.   On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

112.   YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

113.   Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIII:**
**Common Law Trade Dress Infringement**

114.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 113 as though fully set forth herein.

115.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

116.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

117.    Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

118.    On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

119.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count XIV:**
**Common Law Unfair Competition**

120.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 119 as though fully set forth herein.

121.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Defendants' goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Defendants have also interfered with YETI's business.

122.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants' commenced their unlawful use of YETI's trade dress in connection with the infringing products.

123.    Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury

to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

124.    On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

125.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

### Count XV:
### Common Law Misappropriation

126.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 125 as though fully set forth herein.

127.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

128.    YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used YETI's trade dress, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Defendants were not burdened with the expenses incurred by YETI.  Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

129.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

130.    Defendants' use of YETI's trade dress and/or colorable imitations has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's products.  Moreover, as a result of their misappropriation, Defendants have profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's products, and YETI.

131.    Defendants' misappropriation of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

132.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count XVI:**
**Unjust Enrichment**

133.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 132 as though fully set forth herein.

134.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense.   Defendants have also, *inter alia*, operated with an undue advantage.

135.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.   Defendants have wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.   Me Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for their own business and products.

136.     YETI's trade dress is entitled to protection under the common law.   YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.   Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.   YETI's trade dress has also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and/or colorable imitations thereof in connection with the infringing products.

137.     Defendants' use of YETI's trade dress and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury

38

to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's products.   YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Defendants have wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

138.    Defendants' unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

139.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits.

### Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

### Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.    Judgment that Defendants have (i) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (ii) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (v) infringed the '397 patent in violation of § 271 of Title 35 in the United States Code; (vi) infringed the '285 patent in violation of § 271 of Title 35 in the United States Code; (vii) infringed the '891 patent in

violation of § 271 of Title 35 in the United States Code; (viii) infringed the '892 patent in violation of § 271 of Title 35 in the United States Code; (ix) infringed the '530 patent in violation of § 271 of Title 35 in the United States Code; (x) infringed the '531 patent in violation of § 271 of Title 35 in the United States Code; (xi) infringed the '532 patent in violation of § 271 of Title 35 in the United States Code; (xii) infringed the '533 patent in violation of § 271 of Title 35 in the United States Code; (xiii) violated YETI's common law rights in YETI's trade dress; (xiv) engaged in common law unfair competition; (xv) engaged in common law misappropriation; and (xvi) been unjustly enriched at YETI's expense, and that these wrongful activities by Defendants were willful;

2.      An injunction against further infringement and dilution of YETI's trade dress, further infringement of YETI's design patents, further acts of unfair competition, misappropriation, and unjust enrichment by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress or YETI's design patents, pursuant to at least 15 U.S.C. § 1116, Tex. Bus. & Com. Code § 16.104, and 35 U.S.C. § 283;

3.      An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Defendants' possession or control, (iii) all plates, molds, and other means of making the infringing products in Defendants' possession, custody, or control,

and (iv) all advertising materials related to the infringing products in Defendants' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Defendants to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);7.   An award of damages adequate to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Defendants' profits from their patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant to 35 U.S.C. §§ 284 and 285;

8.      An award of Defendants' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

9.      Such other and further relief as this Court deems just and proper.


Dated:  May 5, 2017                    Respectfully submitted,


                                       By: /s/ *Joseph J. Berghammer*
                                       Joseph J. Berghammer (admitted in the Western
                                       District of Texas)
                                       Illinois Bar No. 6273690
                                       jberghammer@bannerwitcoff.com
                                       Michael L. Krashin *(pro hac vice forthcoming)*
                                       Illinois Bar No. 6286637
                                       mkrashin@bannerwitcoff.com

John A. Webb, Jr. *(pro hac vice forthcoming)*
Illinois Bar No. 6321695
jwebb@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**